UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Sadiki Pierre and Christopher Dabiere,

                Plaintiffs,

v.

Prospect Mortgage, LLC,

                Defendant.

**COMPLAINT** 1:13-CV-453
(NAM/RFT)

Civil Action No.:

---

Plaintiffs Sadiki Pierre and Christopher Dabiere ("Plaintiffs") state as follows for their Complaint against Defendant Prospect Mortgage, LLC ("Defendant"):

### PARTIES AND PROCEDURAL BACKGROUND

1. Plaintiff Sadiki Pierre ("Plaintiff Pierre") is an adult resident of Newburgh, New York. Plaintiff Pierre worked as a loan officer for Defendant in an office in the Latham, New York area from approximately May 2009 until July 2011.

2. Plaintiff Christopher Dabiere ("Plaintiff Dabiere") is an adult resident of Saratoga Springs, New York. Plaintiff Dabiere worked as a loan officer for Defendant in an office in the Latham, New York area from approximately February 2010 until June 2010.

3. Upon information and belief, Defendant is a California corporation doing business in and maintaining offices in several states throughout the United States, including New York. According to its website, Defendant is one of the largest independent residential retail lenders in the United States, and offers mortgage products such as FHA, VA, conventional, jumbo, and super jumbo loans. Defendant formerly did business under the name Metrocities Mortgage.

4. On October 18, 2010, Elizabeth Sliger, Carol Dion and Scott Avila, on behalf of themselves and all others similarly situated, filed a lawsuit against Defendant in the United

1

States District Court for the Eastern District of California to recover overtime pay, minimum wages, and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Hereafter referred to as "Sliger" or "the Sliger matter.")  On August 24, 2011, Judge Lawrence K. Karlton granted, in part, the Sliger plaintiffs' motion for FLSA conditional certification and authorized the Sliger plaintiffs to mail a notice of the lawsuit to all loan officers employed by Defendant between October 18, 2007, and August 24, 2011, who were paid on a commission-only basis.  (See Sliger v. Prospect Mortgage, LLC, No. CIV. S-11-465 LKK/EFB, 2011 WL 3747947 (E.D. Cal. Aug. 24, 2011).)

5. Plaintiff Pierre opted-in to the Sliger matter on December 30, 2011.  (See Ex. A.)

6. Plaintiff Dabiere opted-in to the Sliger matter on December 28, 2011.  (See Ex. A.)

7. By stipulation of the parties in Sliger, the Court decertified the Sliger matter on January 23, 2013.  (Ex. B.)  The stipulation permits "individual opt-in plaintiffs, who so choose, [to] pursue their individual claims in other forums."  (Id.)  In addition, the stipulation states that, the claims of all opt-in plaintiffs, including the claims of Plaintiffs, are tolled from the time they opted-in to the Sliger matter until April 23, 2013.  (Id.)

8. Plaintiffs bring this action pursuant to the FLSA, 29 U.S.C. § 201 *et seq.* and the New York Labor Law, Article 19 § 650, *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R. Part 142 (together, "NYLL").  Plaintiffs worked for Defendant as loan officers during the relevant statutory periods.  During the relevant statutory periods, Plaintiffs regularly worked over forty hours per week without overtime compensation.  Plaintiffs seek relief for Defendant's failure to pay overtime compensation under state and federal law.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case is being brought under a federal statute, the FLSA, 29 U.S.C. §§ 201 *et seq.* This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in the United States District Court, Northern District of New York pursuant to 28 U.S.C. § 1391, because Defendant operated facilities in this district and because a substantial part of the events giving rise to the claims occurred in this district.

## FACTUAL ALLEGATIONS

11. Defendant employed Plaintiffs as loan officers.

12. Defendant classified Plaintiffs as "exempt" from the overtime pay requirements of the FLSA and state law.

13. Plaintiffs are informed, believe, and thereon allege that Defendant's gross annual sales made or business done is $500,000.00 or greater. Defendant operates in interstate commerce by, among other things, selling mortgage loan products in multiple states.

14. Defendant paid Plaintiffs on a commission-only basis.

15. Plaintiffs routinely worked in excess of forty hours per week for Defendant.

16. Defendant suffered and permitted Plaintiffs to work more than forty hours per week without overtime compensation.

17. Defendant is in the business of selling mortgages. Plaintiffs' work is and was directly related to mortgage sales.

18. Defendant did not keep accurate records of the Plaintiffs' hours worked. Defendant never instructed Plaintiffs to keep records of their hours worked.

19. Defendant's unlawful conduct has been widespread, repeated and consistent.

20. Defendant is aware of wage and hour laws, as evidenced by the fact that it provides overtime compensation to other employees who are not loan officers. Moreover, it is common industry knowledge that courts and the United States Department of Labor have found loan officers to be non-exempt.

21. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and caused significant damages to Plaintiffs.

<u>COUNT I</u>
**FAIR LABOR STANDARDS ACT**
(Overtime Violations)

22. Plaintiffs allege and incorporate the above paragraphs by reference as if fully set forth herein.

23. At all times relevant herein, Defendant has been, and continues to be, an "employer," and Plaintiffs have been, or continue to be, "employees" within the meaning of 29 U.S.C. §§ 203(d) and (e).

24. The FLSA requires covered employers, such as Defendant, to compensate all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty hours per week. 29 U.S.C. § 207. As such, Plaintiffs are entitled to overtime compensation at one and one-half times their regular rate of pay for work performed in excess of forty hours per week.

25. By failing to compensate Plaintiffs with overtime compensation for their overtime hours worked, Defendant has violated, and continues to violate the FLSA.

26. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

27. Plaintiffs seek damages in the amount of Plaintiffs' unpaid overtime wages, an equal amount as liquidated damages, interest, all costs and attorneys' fees incurred in prosecuting this claim, all other relief available under the FLSA, and all other such legal and equitable relief as the Court deems just and proper.

## COUNT II
## NYLL ARTICLE 19 § 650, *ET SEQ.*
## (FAILURE TO PAY OVERTIME)

28. Plaintiffs allege and incorporate the above paragraphs by reference as if fully set forth herein.

29. At all times relevant to this action, Plaintiffs were employed by Defendant within the meaning of the NYLL.

30. By the course of conduct set forth above, Defendant violated the NYLL.

31. The NYLL requires employers, such as Defendant, to pay overtime compensation to all non-exempt employees.

32. Plaintiffs were non-exempt employees entitled to be paid proper overtime compensation for all hours worked.

33. During the relevant statutory period, Plaintiffs worked for Defendant in excess of forty hours in a work week.

34. During the relevant statutory period, Defendant failed and refused to pay Plaintiffs proper overtime compensation for overtime hours worked.

35. As a result of Defendant's failure to pay wages earned and due, Defendant violated the NYLL.

36. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs have sustained damages, including loss of earnings for hours of overtime

worked on behalf of Defendant, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

A. Judgment that Plaintiffs are non-exempt employees entitled to protection under the FLSA and NYLL;

B. Judgment against Defendant for violations of the overtime provisions of the FLSA;

C. Judgment against Defendant for violations of the overtime provisions of NYLL;

D. Judgment that Defendant's violations as described above were willful;

E. An award in an amount equal to Plaintiffs' unpaid overtime wages at the applicable rates, liquidated damages, and interest thereon, subject to proof in Court;

F. Appropriate statutory penalties under the FLSA and NYLL;

G. An award of prejudgment interest to the extent liquidated damages are not awarded;

H. An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216 and the NYLL;

I. Leave to amend to bring additional claims, including but not limited to claims for unpaid minimum wages under the FLSA and NYLL; and

J. For such other and further relief, in law or equity, as the Court may deem appropriate and just.

Dated: April 23, 2013                    Respectfully Submitted,

                                         GETMAN & SWEENEY, PLLC

                                         _____
                                         Matt Dunn, N.D.N.Y. Bar No. 513505
                                         Michael J.D. Sweeney, N.D.N.Y Bar No. 517615

9 Paradies Lane
New Paltz, New York 12561
Telephone: (845) 255-9370
Facsimile: (845) 255-8649
msweeney@getmansweeney.com
mdunn@getmansweeney.com

and

NICHOLS KASTER, PLLP
Andrew G. Chase, NY Attorney No. 4883138*
4600 IDS Center, 80 South 8th Street
Minneapolis, MN  55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
achase@nka.com

*Application for admission forthcoming*

ATTORNEYS FOR PLAINTIFFS