**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

SADIKI PIERRE and CHRISTOPHER DABIERE,

                              Plaintiffs,

           - v -                                          Civ. No. 1:13-CV-453
                                                                (NAM/RFT)

PROSPECT MORTGAGE, LLC,

                              Defendant.

**APPEARANCES:**                        **OF COUNSEL:**

NICHOLS, KASTER LAW FIRM          ANDREW G. CHASE, ESQ.
*Attorney for Plaintiffs*
80 South Eight Street
Minneapolis, Minnesota 55402

GETMAN, SWEENEY LAW FIRM          MATTHEW T. DUNN, ESQ.
*Attorney for Plaintiffs*               MICHAEL J.D. SWEENEY, ESQ.
9 Paradies Lane
New Paltz, New York 12561

SEYFARTH SHAW LLP                 HOWARD M. WEXLER, ESQ.
*Attorney for Defendant*
620 Eighth Avenue
New York, New York 10018

SEYFARTH SHAW LLP                 BARRY J. MILLER, ESQ.
*Attorney for Defendant*
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## <u>MEMORANDUM-DECISION and ORDER</u>

Currently before this Court is Prospect Mortgage LLC's (hereinafter "Prospect Mortgage") Motion to Stay Pending Decision on Transfer of this case to the Judicial Panel on Multidistrict Litigation (hereinafer "JPML") for the coordination and consolidation of the pretrial proceedings filed pursuant to 28 U.S.C. § 1407.[1] Dkt. No. 13, Def.'s Mot. to Stay, dated Sept. 18, 2013. Plaintiffs oppose the Motion. Dkt. No. 19, Pl.'s Amend. Opp'n, dated Oct. 4, 2013.[2] Prospect Mortgage filed a Reply to Plaintiff's Opposition. Dkt. No. 21, Def.'s Reply, dated Oct. 11, 2013. For the following reasons, Prospect Mortgage's Motion is **granted**.

## I. BACKGROUND

On April 23, 2013, Plaintiffs filed this action pursuant to the Fair Labor Standard Act (FLSA), 29 U.S.C. § 201 *et seq*., and the New York Labor Law, Article 19, § 650 *et seq*., alleging that Prospect Mortgage violated these statutory provisions by classifying these loan officers as exempt employees and failing to pay them

---

[1] Courts within this Circuit have split as to whether a motion to stay is dispositive or non-dispositive. Within the Northern District of New York, the judges have consistently treated motions to stay as non-dispositive. In this vein, the Honorable Norman A. Mordue, Senior United States District Judge, issued a Text Notice advising the parties that the pending Motion to Stay, Dkt. No. 13, is returnable before this Court inasmuch as said Motion is non-dispositive. Text Notice, dated Sept. 24, 2013; *see also Sullivan v. Cottrell*, 2012 WL 694825 (W.D.N.Y. Feb. 29, 2012) (magistrate judge issuing a direct order on a stay).

[2] Initially, Plaintiffs filed their Opposition on October 1, 2013, Dkt. No. 18, however, they amended their Opposition on October 4, 2013, Dkt. No. 19. Any reference to Plaintiffs' Opposition will be to the amended Response.

overtime.  Dkt. Nos. 1 Compl., 5, Am. Compl.  Originally, Plaintiffs were opt-in plaintiffs in a collective action in the Eastern District of California, *Sliger et al. v. Prospect Mortgage, LLC et al.*, Case No. 2:11-CV-465 (E.D.Cal.) (hereinafter "*Sliger* Action").  The *Sliger* Action was conditionally certified as a collective action and minimal discovery ensued.  Although the parties expended considerable energy and resources in an attempt to settle the *Sliger* Action, approximately two years later, the collective action was decertified.  Under the decertification, the *Sliger* opt-in plaintiffs were granted permission to pursue their individual claims in other district court fora.  Dkt. Nos. 13-1, Def.'s Mem. of Law at p. 2, 19, Pls.' Mem. of Law at pp. 2-3.

As a consequence of the decertification of the *Sliger* Action, 243 of the opt-in plaintiffs filed individual claims against Prospect Mortgage in thirty-seven (37) different district courts.  Pls.' Mem. of Law at p. 3.  On August 16, 2013, Prospect Mortgage filed a motion with the JPML, pursuant to 28 U.S.C. § 1407, requesting that all of these pending cases, including this case, be transferred to a single forum for coordinated or consolidated pretrial proceedings.  Dkt. No. 10, Def.'s Notice, dated Aug. 28, 2013.  It is anticipated that the MDL Motion will be heard by the JPML on December 5, 2013.[3]  Def.'s Mem. of Law at pp. 2-3.

---

[3] There is no assurance as to when the JPML will decide the MDL motion, but Prospect Mortgage hazards a guess that decision would be forthcoming by early 2014. Dkt. No. 13-1, Def.'s Mem. of Law at p. 3.

At this juncture of the litigation, neither a Rule 26(f) nor a Rule 16 conference has been convened in order to issue a scheduling order and commence discovery. *See* FED. R. CIV. P. 16 & 26(f). In addition to this pending Motion for a Stay, Plaintiffs have filed a Motion to Strike Defendant's Jury Trial Demand. Dkt. No. 17, Pl.'s Mot. to Strike, dated Oct. 1, 2013. Otherwise, no other motion or proceeding are at play. While little has occurred regarding this case, other related cases have steadily advanced. Apparently, scheduling orders were issued in at least twenty-three (23) cases, and "virtually identical discovery" which includes interrogatories and requests for production have been served in each. *See* Dkt. Nos. 13-2, Howard M. Wexler Decl., dated Sept. 18, 2013, at ¶ 8, 21-1, Howard M. Wexler, Reply Decl., dated Oct. 11, 2013, at ¶¶ 3-5. Additionally, similar to here, "Plaintiffs' counsel has also filed motions to strike Defendant's jury trial demand in several other cases." Wexler Decl. at ¶ 9.[4]

## II.  LEGAL STANDARD

The principle purpose of MDL is to avoid piecemeal litigation and coordinate pretrial proceedings. Multi-District Litig. Manual § 3.3. 28 U.S.C. § 1407(a) provides, in pertinent part:

---

[4] It appears that Plaintiffs' Counsel, Nicholas, Kaster Law Firm, are the lawyers for all of the opt-in plaintiffs in each of these pending actions.

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings.   Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.

While the decision to transfer a matter to the JPML is pending, a court may contemplate staying the current matter before it.  "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louise Vuitton Malletier S.A. v. Ly USA, Inc*., 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)).  By possessing sweeping managerial authority over its own docket, a district court would be acting within its discretion when invoking a stay in such cases as an MDL or mass tort.  *In re Zyprexa Prods. Liab. Litig*., 594 F.3d 113, 127 n.61 (2d Cir. 2010) (quoting *Landis v. North Am. Co.*).  In fact, it is rather common for courts to stay cases pending a motion for MDL.[5]  *Royal Park Invs. SA/NV v. Bank of Am. Corp.*, 2013 WL 1509854, at *3 (S.D.N.Y. Apr. 12, 2013) (citations omitted); *In re OxyContin Antitrust Litig.*, 2012 WL 5184949, at *6 (S.D.N.Y. Oct. 12, 2012) (considering a stay in a MDL case).  In

---

[5] Bearing in mind that the opportunity to coordinate and prevent duplicative discovery are vitally important factors, labor, employment practices, discrimination litigation, and Fair Labor Standard Act (FLSA) claims are fairly commonly transferred to JPML, including the "state-statute counterparts of the FLSA."  Multi-District Litigation Manual at §§ 5.14, 5.25, & 5.26.

deciding whether a stay is appropriate, a court should consider (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.  *Royal Park Inv. SA/NV v. Bank of Am. Corp.*, 2013 WL 1509854, at *2 (internal quotation marks and citations omitted).

## III. DISCUSSION

Suffice it to say that these parties have submitted their same positions to other courts that had to grapple with whether to grant or deny a stay in their respective cases.  In this respect, each party has thoroughly expounded upon their respective position, supported by a panoply of citations.  Redundancy abounds.  Obviously, there is no unanimity among these courts: there are several that denied the motions, others that granted the stay, and yet others that fashioned hybrid solutions to the motion.[6]  Although the Court appreciates the broad spectrum of views on this subject, a comprehensive review of these multitudinous decisions is not warranted.  The Court

---

[6] Plaintiffs claims that "[e]very case that has ruled on one of those motions based on its merits had denied [the motion]." Pls.'Mem. of Law at pp. 1-2, Exs. 1 & 2, unpublished opinions. Such claim is not exactly accurate.  Some of those shared unpublished opinions indicate that the motions were granted in part and denied in part.  Additionally, Prospect Mortgage provides a list of cases where the motion for the stay was granted.  Def.'s Mem. of Law at pp. 9-10.

will weigh solely the factors stated above, without engaging in any specific order.

Prospect Mortgage seeks a stay on "the grounds that (1) a temporary stay would create minimal, if any prejudice to Plaintiffs; (2) allowing the action to continue would create hardship on Prospect Mortgage by exposing it to unnecessary proceedings and potential inconsistent rulings; and (3) a temporary stay will promote judicial economy and efficiency by avoiding duplicative efforts by this court and the transferee court."  Def.'s Mem. of Law at p. 3.

The apparent genesis for the MDL transfer motion is the scope of nationwide discovery.  For this reason, Prospect Mortgage seeks a centralized mechanism to address pretrial proceedings, such as that provided by an MDL, in order to avoid duplicative discovery and inconsistent rulings.  It is true that, in some respect, discovery of the 243 nationwide Plaintiffs may be individualized and could be handled by the respective district courts, but the same is not emblematic of the ambit of the discovery to be imposed upon Prospect Mortgage nationwide. Evincing the inequality of the national discovery burden is the fact Prospect Mortgage has already been besieged by twenty-three sets of identical interrogatories and requests for production in those cases where scheduling orders have been issued and discovery has commenced. Wexler Reply Decl. at ¶¶ 3-5.[7]  Should there be a service of discovery

---

[7] Attorney Howard Wexler, who is defending each of these related lawsuits, explains that
(continued...)

demands in each of the pending cases, responding to each of thirty-seven (37) sets of

discovery demands is unquestionably burdensome and expensive.[8]  And responding

to each of these interrogatories and demands for production is undeniably duplicative.

An obvious solution would be a consolidated and coordinated process where the

majority of the discovery issues would be addressed by one court, the JPML.  *See In*

*re Nexium (Esomeprazole) Prods. Liab. Litig.*, 908 F. Supp. 2d 1362, 1364

(U.S.Jud.Pan.Mult.Lit. 2012) (noting that a transferee judge can structure the pretrial

proceedings in such a way that discovery can proceed concurrently with other

common issues); *In re Zicam Cold Remedy Marketing and Sales Practices Litig.*, 655

F. Supp. 2d 1371, 1372 (U.S.Jud.Pan.Mult.Lit. 2009).

Likewise, litigating thirty-seven (37) cases simultaneously would be toilsome

and costly.   And if the parties were to proceed in this fashion, the specter of

---

[7](...continued)
each of the twenty-three (23) sets of interrogatories served upon Prospect Mortgage seek "all written administrative regulations, orders, rulings, . . . policies relied upon by Defendant . . . . [as well as] all persons who have responsibility for ensuring Defendant's compliance with [FLSA]."  Wexler Reply Decl. at ¶ 4.  Additionally, in conjunction with these identical interrogatories, twenty-three (23) requests for production seek "all documents identifying or describing Defendants's policies, procedures, or methods of compensating loan officers[,] . . . .  policies, procedures, or methods of compensating loan officers [and] all documents relating to Defendant's policies, procedures, and/or methods of disciplining loan officers."  *Id*. at ¶ 5.

[8]  The Court assumes that each of the 243 plaintiffs are not serving individual discovery demands.  If such assumption is incorrect and each of these 243 plaintiffs contemplate filing separate discovery demands, such actions will certainly compound Prospect Mortgage's existing burden and costs.

inconsistent rulings may be realized.  For example, approximately 188 Plaintiffs had signed binding arbitration agreements as a condition of their employment.  Pl.'s Mem. of Law at p. 3 n.3.  Waiver of a jury trial is a contested feature of these arbitration agreements.  Notwithstanding the waiver, Prospect Mortgage seeks a jury trial in this case as well as in all of the other cases.  Plaintiffs here have filed a Motion to Strike, Dkt. No. 17, and apparently similar motions have been filed in other jurisdictions. Wexler Decl. at ¶ 9.  Without a centralized court to address this singular issue, the likelihood of inconsistent rulings is veritable, and the prospect of prejudice to Prospect Mortgage is manifested.  The Court suspects that similar consequences may  ensue with other types of motions.

Plaintiffs make a compelling argument that they will be prejudiced if a stay is invoked.  They assert that the presentation of their case has already been unjustly delayed. More than three years have passed since their initial complaint was filed without any result in sight, and if a stay is granted, it would only prolong the litigation another four to six months.  But Plaintiffs' assessment of prejudice is ameliorated on a number of grounds.  First, there has been very little activity in this case.  Neither a Rule 26(f) nor Rule 16 conference has been convened, and discovery has not commenced.  Conceivably, if there was not a motion for a stay, discovery probably would not commence until about the time the motion for a transfer is scheduled to be

heard by the JPML, which is only two months away.  Second, the time-frame for the JPML to decide the motion to transfer is unknown.  To forecast that it will be protracted is only supposition.  Such a decision could be forthcoming immediately after the hearing on December 5, 2013, or anytime thereafter.  Third, if the motion to transfer is denied, this Court will respond promptly to set up a Rule 16 conference and issue a scheduling order.  Even if a four-month delay ensues, the Court finds the prejudice to be negligible.  Plaintiffs may suffer some prejudice but such is outweighed by the potential prejudice that may be visited upon Prospect Mortgage if it is required to respond to thirty-seven (37) separate actions.

This Court agrees with others that have found that indeed judicial resources would be better served by granting a stay pending the JPML's decision.  *Royal Park Inv. SA/NV v. Bank of Am. Corp.*, 2013 WL 1509854, at *4-5 (citations omitted).  Conservation of judicial resources is a "fundamental goal[] of multidistrict litigation practice," and stays are appropriate when they serve judicial economy.  *Id*. at p. 6.  Moreover, if a transferee decision is granted, the JPML has the authority to supercede previous orders and vacate any scheduling order issued by this Court and set a new one.  A brief stay may obviate that occurrence.  Accordingly, a temporary stay would promote judicial economy and efficiency by avoiding duplicative efforts by this Court and the transferee court.  This Court finds that the interest of judicial economy weigh

more in favor of the stay. *In re Wayne Farms LLC Fair Labor Standard Act Litig*., 528 F. Supp. 2d 1355, 1355 (U.S.Jud.Pan.Mult.Lit. 2007) (observing that centralization under section 1407 will eliminate duplicative discovery, prevent inconsistent rulings, and conserve the resources of the parties, counsel, and the judiciary).

For all of the reasons stated above, it is hereby ordered that Prospect Mortgage's Motion to Stay Pending Decision on a Motion to Transfer, Dkt. No. 13, is **granted**, and all activity, including any other pending motion,[9] is stayed pending the resolution of Defendant's Motion to Transfer.

**IT IS SO ORDERED**.

October 30, 2013
Albany, New York



Randolph F. Treece
U.S. Magistrate Judge

---

[9] Pending is Plaintiffs' Motion to Strike the Jury Demand.  Dkt. No. 17.

*-11-*